IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DONALD G. HANZLIK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09cv221 (JCC) |
| | ) | |
| SIMA BIRACH, JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff Donald G. Hanzlik's ("Plaintiff's") Rule 12(f) motion to strike several affirmative defenses raised by Defendants Sima Birach, Jr. ("Birach Jr.") and Twin Star Broadcasting Corporation ("Twin Star Broadcasting") (collectively, the "Twin Star Defendants"). For the following reasons, the Court will grant in part and deny in part Plaintiff's motion to strike.

### **I. Background**

In this case, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Plaintiff claims that the Twin Star Defendants and Defendants Sima Birach, Sr. ("Birach Sr.") and Birach Broadcasting Corporation ("Birach Broadcasting") (collectively, "Defendants") failed to pay him the minimum wage and overtime payments required by the FLSA. The allegations in

Plaintiff's Amended Complaint ("Amended Complaint"), which was deemed filed on May 11, 2009,[1] are as follows.

Plaintiff, a resident of Fairfax, Virginia, worked for Defendants from approximately January 2006 until approximately January 2009.  (Am. Compl. ¶ 4.)  As part of his work, he engaged in interstate commerce.  (Am. Compl. ¶ 15.)  Birach Jr., a Virginia resident, and Birach Sr., a Michigan resident who conducts business activity in Virginia, own the majority of the stock of Twin Star Broadcasting and Birach Broadcasting.  (Am. Compl. ¶¶ 5-6.)  They also controlled the defendant corporations while they employed Plaintiff – they had the power to hire and fire employees and set employees' compensation.  (Am. Compl. ¶ 9.)  Birach Broadcasting and Twin Star Broadcasting are Virginia corporations with their principal place of business in Virginia.  Both engaged in interstate commerce during the time at issue.  (Am. Compl. ¶¶ 7-8, 14.)  Each defendant individually has, and all Defendants collectively have, an annual gross volume

---

[1] Plaintiff initiated this action by filing a complaint ("Complaint") on February 26, 2009.  The Complaint is nearly identical to the Amended Complaint, except that it included a second count for breach of contract against Twin Star Broadcasting and Birach Broadcasting.  Plaintiff moved for leave to file the Amended Complaint on May 1, 2009.  The magistrate judge granted the motion on May 11, 2009 and set May 11, 2009 as the filing date for the Amended Complaint.  Before Plaintiff filed the Amended Complaint, Defendants had answered the Complaint in two separate answers, the first filed by Birach Jr. and Twin Star Broadcasting on April 7, 2009, and the second filed by Birach Sr. and Birach Broadcasting on May 7, 2009.  Defendants again submitted separate answers to the Amended Complaint.  Birach Jr. and Twin Star Broadcasting answered the Amended Complaint on May 26, 2009 ("Twin Star Answer"), and Birach Sr. and Birach Broadcasting answered the Amended Complaint on June 1, 2009 ("Birach Broadcasting Answer").

of sales or business in excess of $500,000.00. (Am. Compl. ¶¶ 11-12.)

Defendants required and allowed Plaintiff to work uncompensated hours and hours for which he was not paid the minimum wage. (Am. Compl. ¶ 17.) Defendants also knew, or should have known, that Plaintiff worked improperly-compensated overtime hours. (Am. Compl. ¶¶ 18-19.) They did not maintain regular pay periods, pay Plaintiff in a timely fashion, post the required FLSA notice in a readily-accessible location, or inform Plaintiff of his FLSA rights. (Am. Compl. ¶¶ 20-22.)

Based on these allegations, Plaintiff brings a single count for violations of the FLSA. He claims that Defendants "regularly and willfully violated the FLSA" by not compensating him properly, by forcing him to work more than forty hours per week, and by making deductions from his wages that brought them below the required minimum and overtime wages. (Am. Compl. ¶¶ 24-28.)

In recompense, Plaintiff seeks the wrongfully withheld compensation, an amount equal to the unpaid compensation as liquidated damages, interest, attorney's fees and expenses, and costs. (Am. Compl. 5-6.)

As noted above, *see supra* note 1, Defendants filed two separate answers. Birach Sr. and Birach Broadcasting, in the Birach Broadcasting Answer, denied employing Plaintiff, denied

the allegations pertaining to the alleged FLSA violations, and raised eight affirmative defenses. The Twin Star Defendants, in the Twin Star Answer, denied violating the FLSA and raised fourteen affirmative defenses.

Plaintiff moved to strike six of the fourteen affirmative defenses raised in the Twin Star Answer on June 16, 2009. The Twin Star Defendants opposed the motion on June 29, 2009; Plaintiff did not submit a reply brief. Plaintiff's motion is before the Court.

## II. Standard of Review

Rule 12(f) allows a district court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion "is the primary procedure for objecting to an insufficient defense." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004); *see also Conley v. Gibson*, 355 U.S. 41, 47-48 & n.9 (1957) (noting that the purpose of procedural motions, including 12(f) motions, is "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues").

A motion to strike a defense is, however, considered "a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W.Va. 1993); *see Mitchell v. First Central Bank, Inc.*, 2008 WL 4145449, at *1-

2 (N.D. W.Va. Sept. 8, 2008); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991). "Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." *Clark*, 152 F.R.D. at 70 (internal quotations and citations omitted). In reviewing a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Id.* at 71 (*citing Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029, 1031 n.1 (N.D. Ill. 1980); *Wohl v. Blair & Co.*, 50 F.R.D. 89, 91 (S.D.N.Y. 1970)). When a court strikes a defense, the general practice is to grant the defendant leave to amend. 5C Wright & Miller § 1381 (3d ed. 2004).

### III. Analysis

Plaintiff argues that the Court should strike three of the Twin Star Defendants' affirmative defenses outright and that it should strike three others with leave to amend. The three that it asks the Court to strike without granting leave to amend are defenses (1) failure to state a cause of action against the Twin Star Defendants, (9) failure to state a claim against Birach Jr., and (13) estoppel. The three defenses that Plaintiff asks the Court to strike with leave to amend are defenses (2) Plaintiff is exempt from FLSA overtime requirements, (3) Plaintiff relied in good faith on administrative rulings pursuant

to 29 U.S.C. § 259, and (6) the Twin Star Defendants are entitled to an offset in the event that Plaintiff proves an FLSA violation.

In their opposition, the Twin Star Defendants withdrew defenses (3) and (13) with the proviso that they retain the ability to re-raise affirmative defense (13) should evidence arise that supports it.[2]  The Court will therefore strike defenses (3) and (13) from the pleadings.  *See* 5C Wright & Miller § 1381 (3d ed. 2004) ("if a defense has been withdrawn, a motion to strike it from the pleadings is proper").  The Court will address Plaintiff's arguments on the remaining defenses in turn.

> A. <u>Affirmative Defenses (1) and (9): Failure to State a Claim</u>

Plaintiff asks the Court to strike affirmative defenses (1) and (9), in which the Twin Star Defendants claim that Plaintiff failed to state a cause of action against them (affirmative defense (1)) and failed to state a cause of action for individual liability against Birach Jr. (affirmative defense (9)).  Plaintiff argues that it has clearly stated a claim for relief in the Amended Complaint and that, as a result, the

---

[2] The Court notes that the Twin Star Defendants reserved "the right to present any other defenses available to them in this action." (Twin Star Answer ¶ 15.)  Thus, if discovery turns up evidence that creates a potentially viable equitable estoppel defense – a rarity in FLSA cases – then the Twin Star Defendants are free to raise it.  *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005) (explaining that, with a limited exception, "the doctrine of equitable estoppel is not recognized under the FLSA").

"failure to state a claim" defenses cannot succeed as a matter of law.

In response, the Twin Star Defendants note that they may have raised the affirmative defenses in "an overabundance of caution," but that they did so in anticipation of presenting evidence showing that Plaintiff is exempt from the FLSA. (Defs.' Mem. in Opp'n 3-4.) They do not contest Plaintiff's argument that the Amended Complaint states a claim for relief. (Defs.' Mem. in Opp'n 4.)

A court may strike a defense that is clearly insufficient as a matter of law. *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000) (quotation and citation omitted). When an answer contains a "failure to state a claim" defense, and the complaint states a claim for relief, the better practice is to strike the asserted defense. 5C Wright & Miller § 1381 (3d ed. 2004). Courts within this Circuit have done so. *See, e.g.*, *United States v. DWC Trust Holding Co.*, 1994 WL 395730, at *1 (D. Md. July 22, 1994); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 409 (D. Md. 1991).

Here, the Twin Star Defendants, in their opposition brief, do not challenge the sufficiency of Plaintiff's pleading. It appears that they want to reserve the ability to move for dismissal or summary judgment based on the evidence produced

during discovery. The proper vehicle for attacking Plaintiff's claim by pointing to evidence in the record is a Rule 56 motion for summary judgment. Fed. R. Civ. P. 56. The Twin Star Defendants do not need a preserved motion to dismiss in order to move for summary judgment. Thus, given the Twin Star Defendants' representation of what they wish to accomplish with affirmative defenses (1) and (9), the Court will grant Plaintiff's motion to strike them. But rather than engage in what would amount to a *sua sponte* motion to dismiss analysis to determine definitively whether Plaintiff has stated a claim, the Court will strike the affirmative defenses without prejudice.

B. <u>Affirmative Defense (2): Plaintiff is Exempt from FLSA</u>

As their second affirmative defense, the Twin Star Defendants assert that, during the time in question, Plaintiff was exempt from the FLSA's overtime requirements. Plaintiff argues that this statement does not put him on notice of which FLSA exemption or exemptions the Twin Star Defendants intend to claim, and that they should be made to specify the exemptions on which they intend to rely.

In one case, a district court agreed with Plaintiff's position and required the defendants to amend their answer to identify "the specific [FLSA] exemptions that they claim are applicable." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005). The *Morrison*

court stated that the affirmative defense of an FLSA exemption must be "*specifically* pleaded . . . or . . . will be deemed waived." *Id.* (*citing Schwind v. EW & Assocs., Inc.*, 357 F. Supp. 2d 691, 697-98 (S.D.N.Y. 2005)) (emphasis added). Tracing the phrase "specifically pleaded" through the cited cases, though, shows that it was originally meant to convey Rule 8(c)'s requirement that the defense be affirmatively raised, not that it be raised with a required level of specificity. *Schwind*, 357 F. Supp. 2d at 697 (*citing Wright v. Aargo Sec. Servs., Inc.*, 2001 WL 91705, at *2 (S.D.N.Y. Feb. 2, 2001) (*citing Magana v. Com. of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) ("[t]his court has held that the § 213(b) FLSA exemption claimed here is an affirmative defense that must be pleaded and proved"))).

One older case that does support *Morrison*'s requirement for the specific pleading of an FLSA exemption as an affirmative defense is *Crean v. M. Moran Transportation Lines*, 50 F. Supp. 107, 110 (D.C.N.Y. 1943), which found "well taken" a cross-motion asking the court to "require the defendant to make more definite and certain the defensive plea of 'the exemptions' contained in Section 13 of the [FLSA]." *Crean*, however, pre-dates the adoption of Rule 12(f) as the vehicle through which insufficient defenses are stricken. *See* 5C Wright & Miller § 1381 n.9 (3d ed. 2004). The Court believes that reliance on *Crean* for the stated

9

proposition would conflict with Rule 8's preference for defenses stated in "short and plain terms." Fed. R. Civ. P. 8(b).

Here, the Twin Star Defendants have put Plaintiff on notice that they intend to prove that Plaintiff is not covered by the FLSA. At this preliminary stage, that is all that the Court will require. Forcing a defendant to cite each and every applicable statute and regulation that may support an FLSA exemption at the answer stage would be contrary to the spirit of Rule 8. The matter can be fleshed out through discovery.

C. <u>Affirmative Defense (6): Offset</u>

Lastly, Plaintiff asks the Court to strike, without prejudice, the Twin Star Defendants' sixth affirmative defense, which requests an "offset": "If the Plaintiff is able to show any violation of FLSA, Defendant is entitled to an off-set for all compensation or funds paid to or procured by Plaintiff to which he had no entitlement." (Answer 5.) Plaintiff argues that, with the exceptions of an employer's claim that it spent money to provide board, lodging, or other facilities to the plaintiff, or its claim that the employee misappropriated money, an offset defense is not cognizable under the FLSA. (Pl.'s Mem. in Supp. 8-9.)

Plaintiff's statement of the law is too narrow. Courts have allowed an FLSA offset defense in more situations than the two narrow exceptions pointed out by Plaintiff. In *Brennan v.*

10

*Heard*, a pre-split Fifth Circuit held that "[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the [FLSA], and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions."  491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).  A later Fifth Circuit case clarified *Brennan* by noting that it does not prohibit a set-off so long as the set-off does not cause a plaintiff's wages to fall below the statutory minimum.  *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n.9 (5th Cir. 2003); *see also Nelson v. CK Nelson, Inc.*, 2008 WL 2323892, at *3 (S.D. Fla. June 2, 2008); *Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 WL 1995091, at *3 (S.D. Fla. May 7, 2008).  A set-off, then, is clearly not legally insufficient as an affirmative defense to an FLSA claim in all cases.

District courts in Florida, which handle a disproportionately large number of FLSA cases, have granted motions to strike offset defenses when, for example, they found that the claimed defense did not involve money that the employer paid as compensation, *see Hutton*, 2008 WL 1995091, at *3, when the defense involved damage to a residence rather than compensation, *see Nelson*, 2008 WL 2323892, at *3, or when the defendant did not specify what compensation the plaintiff received to which he was not otherwise entitled, *see Romero v.*

11

*Southern Waste Systems, LLC*, ___ F. Supp. 2d ____, 2009 WL 1507702, at *2 (S.D. Fla. May 26, 2009). In *Morrison*, discussed *supra*, the court agreed that an affirmative offset defense was possible in some circumstances but struck the defense with leave to amend because it was a "bare bones conclusory statement" that did not allege facts in support and did not provide fair notice of the grounds on which it rested. 434 F. Supp. 2d at 1322; *see also Jorge v. Sunnyside Apartments, Inc.*, 2007 WL 4150956, at *1 (M.D. Fla. Nov. 19, 2007) (citing *Morrison* as support for striking an affirmative offset defense as insufficient).

In *Tibensky v. C.D.C. Acquisition Corp.*, on the other hand, the court denied a motion to strike an offset defense when it could not say that the defense did not have some relationship to the controversy, no prejudice was apparent, and a resolution of the issue would involve factual determinations about the amounts paid. 2005 WL 1949825, at *1 (M.D. Fla. Apr. 12, 2005).

In this case, the Court finds it appropriate to strike the affirmative defense but grant the Twin Star Defendants leave to re-plead it. The narrow circumstances in which an offset defense is allowed in FLSA claims makes the Twin Star Defendants' general statement that Plaintiff has been paid money to which he is not entitled too conclusory and too vague to stand as pled. Forcing Plaintiff to undertake discovery on past payments that may not ultimately be relevant to the narrow offset defense

allowed under the FLSA would be inefficient and wasteful, especially when the Twin Star Defendants should be able to clarify what payments they intend to rely on with relative ease.

### D. Request for Attorney's Fees

Plaintiff requests an award of the attorney's fees it incurred in filing the instant motion. (Pl.'s Mem. in Supp. 2.) The Court will deny this request. Plaintiff's motion was well-taken in part, but the Twin Star Defendants did not improperly plead all of the complained-of affirmative defenses. While the Court will not award fees at this juncture, it will deny the request without prejudice to Plaintiff's ability to ask for reimbursement of these fees in a general attorney's fee petition at the conclusion of the litigation.

### IV. Conclusion

For these reasons, the Court will grant in part and deny in part Plaintiff's motion to strike. It will strike affirmative defenses (3) and (13) with prejudice and affirmative defenses (1), (6), and (9) without prejudice.

An appropriate Order will issue.

July 14, 2009  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE