IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DONALD G. HANZLIK, JR. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) 1:09cv221 (JCC) |
| SIMA BIRACH, JR., *et al.*, | ) |
| | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Petition for Attorney's Fees and Costs originally filed on December 23, 2009. (Dkt. 93.) Defendant opposed on December 30, 2009 arguing that "some hours expended and costs incurred on [the dates listed in the Opposition] were for the prosecution of the case against Sima Birach, Sr. and Birach Broadcasting Corporation, not the Sima Birach Jr. and Twin Star Broadcasting Corporation." (Opposition at 2, Dkt. 97.) As there was a related motion for discovery sanctions pending before the Magistrate Judge, the Court delayed taking up this Motion until that issue was resolved. On February 17, 2010, Plaintiff filed a Motion of Amended Petition reducing the amount of fees and costs requested by Plaintiff by approximately ten percent, as this portion of the request was granted as discovery sanctions

1

imposed by Magistrate Judge Davis.  (Dkt. 103.)  That motion is now before the Court.  For the following reasons, the Court will grant Plaintiff's Amended Petition.

## I. Background

Plaintiff brought an action alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), against four defendants. Defendants Sima Birach Jr. and Twin Star Broadcasting Corporation ("Twin Star")(collectively "Defendants") made an offer of judgment under Fed. R. Civ. P. 68 in the amount of $50,000 which was accepted by Plaintiff, Donald Hanzlik ("Hanzlik") (the "Settlement").  (Dkt. 36.)  This Court issued an Order entering judgment against Defendants in accordance with the Rule 68 offer of judgment.  (Dkt. 91.)  The parties agreed that judgment would be taken against Defendants "jointly and severally, in the amount of $50,000 (fifty-thousand dollars), together with a reasonable attorney's fee and costs incurred by plaintiff up through the date of judgment."  (Dkt. 36-2; Dkt. 91.)

Plaintiff does not petition for any attorney's fees or costs incurred after Sept. 30, 2009, the date of the offer of

judgment.[1] Judgment for these fees and costs is sought only against Sima Birach Jr. and Twin Star. Plaintiff originally requested that this Court award his reasonable attorney's fees and costs in the total amount of $34,607.13, which represented $33,982.00 in attorney's fees and $625.13 in costs; however, in light of Magistrate Judge Davis' imposition of discovery sanctions against Defendants, Plaintiff now seeks only attorney's fees and costs in the total amount of $31,533.13 (thirty-one thousand, five hundred thirty-three dollars, and thirteen cents), which amount represents $30,908.00 in attorney's fees and $625.13 in costs. (See Dkt. 103.) The reduction in fees represents the portion of the $7,889.00 in discovery sanctions awarded by Judge Davis that occurred prior to September 30, 2009. The matter of Plaintiff's mandatory attorney's fees and costs incurred for work performed and costs incurred up through September 30, 2009 is thus properly before the Court.[2]

---

[1] Fed. R. Civ. P. 54(d)(2) provides that, where appropriate, a petition for attorney's fees shall be filed no later than 14 days after the entry of judgment. Although the offer of judgment was accepted and filed with the Court on Sept. 30, 2009, the final Order of judgment against Birach Jr. and Twin Star was not entered until Dec. 11, 2009 because other claims remained to be adjudicated against the other two defendants. *Dkt. 91.* The claims against Sima Birach Sr. and Birach Broadcasting Corporation were the subject of a one-day bench trial on Dec. 8, 2009, at the end of which the Court granted a motion by Birach Sr. and BBC for a directed verdict.
[2] Defendants do not dispute the reasonableness of Plaintiff's calculation of attorney costs. This Court finds, after reviewing the relevant invoices and accompanying receipts, that the $625.73 in costs submitted by the Plaintiff

## II. Standard of Review

The Rule 68 Offer of Judgment (Dkt. 36) and this Court's entry of Judgment (Dkt. 91) require Defendants, "jointly and severally," to pay "reasonable attorney's fee[s] and costs incurred by plaintiff up through the date of judgment." (See Defendants' Offer of Judgment Dkt. 36.) "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable hourly rate." *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009)(citations omitted). In deciding what constitutes a "reasonable" number of hours and rate, the Fourth Circuit has "instructed that a district court's discretion should be guided by the following twelve factors:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy

---

are imminently reasonable and are due to the Plaintiff as part of the settlement agreement.

and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases" (the "*Johnson* factors"). *Robinson*, 560 F.3d at 243; (citing *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989))). The "Supreme Court and the Fourth Circuit have acknowledged the district court's discretion to depart from the lodestar when an award of that figure would be excessive. . . ." *Lilienthal v. City of Suffolk*, 322 F.Supp.2d 667, 674 -675 (E.D.Va., 2004) *citing Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983); *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir.1998); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 629 (4th Cir.1995). Because the "degree of success obtained by the plaintiff is the 'most critical factor' in determining the reasonableness of a fee award, the district court 'may simply reduce the award to account for the limited success.'" *Lilienthal v. City of Suffolk*, 322 F.Supp.2d 667, 675 (E.D.Va. 2004) *quoting Hensley*, 461 U.S. at 436-37. There is no

"precise formula" for making this reduction to the lodestar amount; however, the court may either "reduce the overall award" or "identify specific hours that should be eliminated." *Hensley*, 461 U.S. at 436-37. This Court will evaluate the Plaintiff's attorney's fee Petition and the Defendants' Objections within this framework.

### III. Analysis

The parties agree that judgment would be taken against Defendants "jointly and severally, in the amount of $50,000 (fifty thousand dollars), together with a reasonable attorney's fee and costs incurred by plaintiff up through the date of judgment." (Dkt. 36-2; Dkt. 91.) In all, Plaintiff seeks fees and costs in the total amount of $31,533.13 (thirty one thousand five hundred thirty three dollars and thirteen cents), an amount that represents $30,908.00 in attorney's fees and $625.13 in costs. (Dkt. 103.) The requested fee amount is calculated by multiplying Plaintiff's counsel, Mr. Kitts's, hourly billing rate by the number of hours he devoted to the case prior to the settlement agreement, less the amount already awarded to Plaintiff in discovery sanctions. (Pl.'s Pet. Ex 2; Dkt. 103.) In support of the requested amounts, Plaintiff submits eight months of invoices including individual time entries charged to

6

his client, a copy of the Laffey Matrix,[3] tables of fees and costs, the relevant invoices and receipts, a declaration from Mr. Kitts, and several other supporting affidavits. (Pl.'s Pet. Exs. 1-8.)

Defendants' Opposition does not dispute the reasonableness of the rates billed by Mr. Kitts; instead, it is confined to the argument that "some hours expended and costs incurred on [the dates listed in the Opposition] were for the prosecution of the case against Sima Birach, Sr. and Birach Broadcasting Corporation, not the Sima Birach Jr. and Twin Star Broadcasting Corporation." (Opp. at 2.) Defendants do not specify which time entries submitted by the Plaintiff they dispute rather; they just list the dates on which the disputed entries occur, thus this Court will assume that they dispute all fees entered on that day. (Opp. at 2.) Defendants do not argue that any of the *Johnson* factors weigh in favor of their argument, indeed, Defendants do not cite to any case law in support of their Opposition. Nevertheless, in evaluating the reasonableness of the fees charged and hours worked by Plaintiff's counsel; this Court, as the Fourth Circuit has

---

[3] This matrix is prepared by the United States Attorney's Office for the District of Columbia as an aid to determining the reasonableness of attorney's fees under "fee-shifting" statutes. The Court notes that the Laffey Matrix is not controlling nor is it sufficient, without more, to establish the reasonableness of an attorney's hourly rate. See *Robinson*, 560 F.3d 235.

instructed, will consider the factors enumerated in *Johnson* in deciding what constitutes a "reasonable" rate and number of hours.

    **A.**   *Johnson* **Factors**

The Court addresses the *Johnson* factors as follows: (1) "the time and labor expended on the case" were typical of the size and scope of this case, particularly given the (2) "novelty and difficulty of the questions." To the extent that Defendants' argument relates to these factors, the Court finds that on the dates disputed by Defendants, the time entries reflect a number of hours worked that would have been reasonably necessary had the lawsuit been initially brought against only Twin Star and Sima Birach Jr., rather than against four defendants. (3) This Court finds that the "skill requisite to perform legal service properly" required a degree of "specialized expertise and specialized knowledge concerning the FLSA" possessed by Plaintiff's counsel (Pet. at 9) and that this factor weighs in favor of the Plaintiff. (4) "The attorney's opportunity costs in pressing the instant litigation" were not sufficiently high or low so as to affect the reasonableness of the fees requested by Plaintiff. (5) While there is no specific evidence before this Court of "the customary fee for like work," the Laffey Matrix suggests that the fees charged by Plaintiff's

counsel were reasonable or even low for an attorney of his expertise and experience in the region. *Johnson* factors (6) "the attorney's expectations at the outset of the litigation" and (7) "the time limitations imposed by the client or circumstances," do not weigh in favor of either party. (8) "The amount in controversy and the results obtained" here are commiserate with the fee charged and the hours worked on this case, particularly in light of the (12) "attorneys' fees awards in similar cases" cited by the parties. *See e.g.*, *Estes v. Meridian One Corp.* 77 F.Supp. 2d 722 (E.D. Va. 1999). Here, the (9) "experience, reputation and ability of the attorney," as evidenced by the Declarations of Mr. Kitts (Ex. 3), John Rigby (Ex. 5), Scott Bruggemann (Ex. 6), and Edward Isler (Ex. 7), and (11) "the nature and length of the professional relationship between attorney and client" both support the reasonableness of the rates and hours billed by Mr. Kitts in this litigation. Finally, in considering (10) "the undesirability of the case within the legal community in which the suit arose," this Court finds that while undesirable given the potential difficulty collecting damages from the Defendants, this case was not so undesirable as to weigh in this Court's determination of the reasonableness of Plaintiff's fee request.

### B. Reasonable Hourly Rate

Here, Plaintiff's attorney Mr. Kitts charged a rate of $270 an hour from February to June, 2009 and a rate of $290 an hour from June through September, 2009. (Pl.'s Pet. Ex. 2.) These rates were at, or below, the rate articulated in the Laffey Matrix for an attorney of Mr. Kitts' experience. (Ex. 1.) The Laffey Matrix number is particularly relevant in this case as the retainer agreement between Mr. Kitts and Hanzlik specified that Kitts be compensated at the Laffey rate, however, Kitts chose to charge less than the Laffey rate when it increased in June of 2009. (Ex. 3, Dec. of Zachery Kitts ("Kitts Dec.") ¶ 15.) In addition to the Laffey Matrix, this Court has reviewed the Declarations of Mr. Kitts (Ex. 3), John Rigby (Ex. 5), Scott Bruggemann (Ex. 6), and Edward Isler (Ex. 7), and believes that the rates billed by Mr. Kitts in this litigation are reasonable in light of his experience, reputation and abilities, as well as the nature and length of his professional relationship with the Plaintiff. Defendants do not dispute the reasonableness of the hourly rate charged by Plaintiff's attorney. The Court finds that the rates charged by Mr. Kitts, as evidenced in Exhibit 2 of the Petition are reasonable.

### C. Hours Billed

On the question of the reasonableness of the hours billed, Defendants do not question the amount of time billed to each individual task, but instead make a blanket argument that the entries on certain days should be apportioned among the four defendants in the case, rather than be assigned jointly and severally to only the two defendants against whom judgment was entered. (Opp. at 2.) After reviewing the time entries on the dates disputed by Defendants, this Court finds that the hours expended on the tasks performed are reasonable, indeed possibly low given the nature of the tasks performed. Furthermore, Sima Birach Jr. and Twin Star allowed judgment to be taken against them "*jointly and severally*, in the amount of $50,000 (fifty thousand dollars), *together with* a reasonable attorney's fee and costs incurred by plaintiff up through the date of judgment." (Dkt. 36-2; Dkt. 91) (emphasis added). Defendants do not cite to any case law or offer any specific argument as to why the hours expended by Plaintiff's counsel are not "reasonable" with respect to them under the *Johnson* factors. This Court finds that the *Johnson* factors support awarding the petitioned for fees in full.

For the foregoing reasons, this Court finds that the amount submitted by the Plaintiff in his Notice/Motion of

Amended Petition for Attorney's fees, $31,533.13 (thirty-one thousand, five hundred thirty-three dollars, and thirteen cents) to be reasonable.  That amount represents $30,908.00 in attorney's fees and $625.13 in costs.

## IV. Conclusion

For the reasons stated above, this Court will grant Plaintiff's Petition for attorney's fees and costs (Dkt. 93), as amended by its Notice of Amended Petition (Dkt. 103.)  An appropriate Order will issue.

|  |  |
|---|---|
| April 28, 2010 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |